PHILLIP R. CRIPPIN

v.

STATE OF ILLINOIS.

*Opinion filed December 19, 1908.*

1. MILITARY SERVICE—*when award will be made.* Where a member of the National Guard, while in the performance of his duties under the command of the Commander-in-Chief is injured, the Court of Claims will make an award.

2. DAMAGES—*for loss of thumb.* Where the injury consists in the loss of a thumb, an award of six hundred ($600.00) dollars was allowed.

James Miles, for Claimant.
W. H. Stead, Attorney General, for State.

Phillip R. Crippen filed his claim the 3rd day of March, A. D. 1908, with the Auditor of Public Accounts of the State of Illinois, for the sum of twenty-five hundred ($2,500.00) dollars for an injury sustained while performing his duty as an officer and soldier. Claimant filed depositions in support of his claim. The Attorney General of the State of Illinois plead the general issue to the said claim. The said cause was argued orally by the attorneys before the Court. It appears in the declaration that the said claim has not been assigned in whole or in part.

The claimant while a regularly enlisted member of the Illinois National Guard and while at target practice under the lawful orders of the Commander-in-Chief was injured at Camp Logan Rifle Range, a State reservation for rifle practice. The said injury occurred on the 8th day of September, A. D. 1907, by the explosion of a rifle in the hands of claimant while he was firing at a target, and in the exercise of due care and caution for his own safety. The explosion of the rifle appears to have been caused by latent defect in the breach of the barrel and magazine, which occurred by reason of the crystallization of the steel which weakened this portion of the gun to such an extent that upon its dis-

charge in firing at a target, in the pursuance of military orders, the weapon burst at the point of its weakness and defect.

It appears from the evidence that no reasonable inspection would have exposed the defects which caused the bursting and subsequent injury.

It appears from the evidence that claimant, in pursuance of military orders of his superior officers, was engaged in target practice at the time of the said injury. It also appears from the evidence that claimant examined the condition of the rifle from time to time and that he was an experienced rifleman, having qualified as a sharp-shooter in 1905, and as a marksman in 1906, and that he examined the condition of the rifle from time to time immediately preceding the explosion and injury. It appears that the said rifle was not subjected to excessive or improper use. The rifle seemed to be in good condition on the day claimant was injured. Claimant states that he took precaution to clean and inspect the rifle before firing. It appears from the evidence that the arms are inspected once a year by the Federal Government.

It also appears that the rifle did not rest upon the ground between the first and second shot, which removes any question of the possibility of any foreign substance getting into the barrel. It also appears that when the second shot was fired at the target, the rifle exploded at its chamber or barrel, taking off claimant's left thumb flush with the hand, and lacerating his index finger. It does not appear from the evidence that any permanent injury resulted from the injury to the index finger. Claimant states that he was unable, from his observation of the rifle, to say what caused it to explode, except that, the steel after the explosion showed some indication of crystallization. It appears from the evidence that crystallization of the steel had occurred, but could not have been ascertained by reasonable or even close inspection. The ordnance officer of the First Infantry furnished the gun to Company C. It was issued to the State by the Government and the

Adjutant General in return issued it to the First Infantry upon receipt of Colonel Sanborn. Claimant was a commissioned officer and had been a lieutenant for about three years at the time of the accident.

The Court is of the opinion that the proof in this case clearly established a claim in behalf of the claimant against the State of Illinois, and that claimant was wounded while performing his duties as an officer and soldier in pursuance of lawful orders from the Commander-in-Chief, and is under law entitled to a claim against the State of Illinois for financial help or assistance according to the circumstances involved.

Article 11, section 4, 1908 Hurd's Revised Statutes of State of Illinois, page 2077.

Another question presents itself for consideration, which is the amount to be allowed claimant by reason of his said injury. Claimant's attorney urges in his brief under Number 8, as follows: "Aside from the damages to which claimant would be entitled in law, it is the duty of the Court of Claims to award such financial help and assistance as the merits of the case may demand."

It has been decided by the Commission of Claims of the State of Illinois in the case of *O'Donnell* v. *The State of Illinois,* page 255, that the Commission of Claims "can allow claims against the State of Illinois only in cases where by express statutory provision the legislature has created a liability on the part of the State for the acts of its agents or rather waived the exemption of the State from such liabilities and to sustain a recovery, it must come within the provisions of section 4, article 9, of the Military Code."

Counsel for claimant in his oral argument before the Court urged that he was unable to find a case judicially determining the value of a thumb. In *L. & N. R. R. Co.* v. *Law,* 21 Southwestern Reporter, page 648, a jury allowed two thousand ($2,000.00) dollars for the loss of a thumb. We quote from the said case the following language:

"It being the province of the jury to assess damages as well as try the facts, this Court is not authorized nor ever inclined to disturb a verdict made, or because damages may be so assessed for a greater amount than we think is entirely reasonable and just, but as the statute has made it the duty of the Court to do so whenever the condition provided for in section 340 exists, we have no right to hesitate. In this case the amount of damages assessed is so utterly unreasonable and unjust, being at least four times more than it should have been, that the verdict clearly appears to us to have been given under the influence of partiality and prejudice, and therefore cannot stand."

This was a case where the left thumb was injured, making amputation at the first joint necessary.

The item in claimant's declaration for one hundred ($100.00) dollars to Doctor William S. White for operation and medical attention, the Court is of the opinion should be disallowed, for the reason that the said William S. White was, at the time the said services were rendered, an assistant surgeon of the National Guard of the State of Illinois. It appears from the evidence that the duties of the said assistant surgeon is to look after the general welfare of the command and take care of the sick and injured whenever ordered. The said surgeon received a military order from the captain of Company C to attend the claimant, and that the order was given because claimant had been injured while at target practice as aforesaid. The said item of one hundred dollars is disallowed.

From anything that appears in the record the claimant's earning capacity has not been impaired. It is true there is some evidence that it will be more difficult for the claimant to secure employment. It appears that claimant is employed as cashier of the Illinois Tunnel Company, telephone department, and that he is chief clerk and cashier. It does not appear from the evidence that claimant is unemployed by reason of his injury, or that he is receiving less pay per diem

or less salary as a result of the said injury. It may be inferred from the evidence that the injury to the said claimant is one that will still leave him able to earn as much, in many occupations as he was earning before the injury. The Court is of the opinion that it should take into consideration claimant's earning capacity in arriving at the amount of damages to be allowed.

Claimant's attorney refers to *Green* v. *The State,* 1 Court of Claims Reports, 173, as follows:

"It appears in that case that Green, in obedience to orders while engaged in target practice and while in the exercise of due care and caution for his own safety and without any negligence on his part, the rifle that he was using exploded and greatly lacerated and wounded his hand, nearly tearing off his thumb, by which claimant was permanently deprived of the perfect use of his left hand; that he suffered great pain and anguish and for the space of three months he was wholly disqualified from performing any labor and earning a livelihood, and that he was permanently injured so that his ability to earn a livelihood has been materially decreased."

The injury in the said case appears to have been more serious than the injury which we are now considering, and it also appears that the claimant in the case cited suffered greater permanent disability.

The Court is of the opinion, after a careful consideration of all the evidence and facts presented, that six hundred ($600.00) dollars would be a reasonable award to the claimant in full of his claim against the State of Illinois, by reason of the said injury, for financial help and assistance, according to the merits of his claim.

The claimant is therefore awarded by the Court the sum of six hundred ($600.00) dollars, in full payment of the said injury.